COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT WORTH

 

 

                                           NO.
2-07-465-CR

 

 

JAMES ARTHUR NEWELL                                                     APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

               FROM THE 355TH DISTRICT
 COURT OF
 HOOD
 COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

I. 
Introduction

A jury found Appellant James Arthur Newell guilty
of engaging in organized criminal activity and assessed his punishment at life
imprisonment.  In four issues, Newell
asserts that he received ineffective assistance of counsel.  We affirm.








                             II.  Factual and Procedural Background

In 2006, three members of the Aryan Brotherhood
attacked and repeatedly stabbed James Padgett. 
Padgett sustained wounds that left him incapacitated until his death
nearly one year later.  Newell was not
one of the three individuals who attacked Padgett; however, the State
introduced evidence that Newell, an alleged member of the Aryan Brotherhood,
had ordered the attack on Padgett in retaliation for Padgett supplying
methamphetamine to Newell=s sister.  The State charged Newell with engaging in
organized criminal activity.  After a
trial on the merits, the jury found Newell guilty and sentenced him to
life.  This appeal followed.

                              III.  Ineffective Assistance of Counsel

In four issues, Newell argues that he was denied
effective assistance of counsel. 
Specifically, Newell claims that his trial counsel (1) failed to call
witnesses material to the defense, (2) failed to satisfy an objective standard
of reasonableness with his trial performance, (3) failed to conduct any form of
pretrial investigation, and (4) made cumulative decisions at trial that
resulted in Newell being denied a fair and impartial trial.

A.  Standard of Review








To establish ineffective assistance of counsel,
an appellant must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington,
466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984); Salinas v.
State, 163 S.W.3d 734, 740 (Tex. Crim.
App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim. App. 1999).








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065. 
Review of counsel=s representation is highly
deferential, and the reviewing court indulges a strong presumption that counsel=s
conduct fell within a wide range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas,
163 S.W.3d at 740 (quoting Mallett, 65 S.W.3d at 63).  To overcome the presumption of reasonable
professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@  Id.
(quoting Thompson, 9 S.W.3d at 813). 
It is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.  Mata v. State, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of Strickland requires a
showing that counsel=s errors were so serious that
they deprived the defendant of a fair trial, i.e., a trial with a reliable
result.  Strickland, 466 U.S. at 687, 104 S. Ct.
at 2064.  In other words, appellant must
show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id.
at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id.,
104 S. Ct. at 2068.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding in which the result is being
challenged.  Id.
at 697, 104 S. Ct. at 2070.








B.  Discussion

Some of Newell=s issues
contain sub-issues; many of his issues and sub-issues overlap.  We will address all of Newell=s issues
and sub-issues in the order they are argued.

1.  Failure
to Call Witnesses








As part of his first issue, and as a sub-issue
under his second and third issues, Newell complains that he received
ineffective assistance of counsel because his trial attorney failed to call any
witnesses material to his defense. 
However, contrary to Newell=s
complaint, our review of the record shows that Newell=s sisterCwho was
also the victim=s girlfriendCtook the
stand as a witness for the defense and testified that she believed her mother
was responsible for the attack on Padgett. 
Furthermore, Newell has failed to articulate who his trial attorney
should have called as witnesses and what they would have testified to that
would have helped his case.  See King
v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (holding that an
appellant who complains about trial counsel=s
failure to call witnesses must show that witnesses were available and that the
witnesses= testimony would have benefitted
his case).  Therefore, based on the
record before us, Newell has failed to show that his trial attorney=s
failure to call witnesses resulted in ineffective assistance.  Accordingly, we overrule those portions of
Newell=s
argument under issues one, two, and three asserting ineffective assistance due
to failure to call witnesses.

2.  Failure
to Conduct any Pre-trial Investigation

As a sub-issue under his first and second issues,
and as part of his third issue, Newell claims that his trial attorney=s lack of
pre-trial investigation resulted in ineffective assistance of counsel.  However, the record does not reflect what
investigation, if any, was performed before trial, and Newell has failed to
develop a record of the information that his trial attorney would have
discovered through further investigation. 
Therefore, without support in the record for his assertions regarding
lack of investigation, Newell cannot demonstrate ineffective assistance of
counsel.  See McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (holding that any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness), overruled on other
grounds by Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App.
1998).  Accordingly, we overrule those
portions of Newell=s argument under his first,
second, and third issues claiming ineffective assistance due to lack of
investigation.








3.  Lack of
an Opening Statement

As part of his first issue, Newell asserts that
his trial attorney was ineffective for failing to make an opening
statement.  However, there is a
presumption that an attorney=s
decisions at trial are formulated based on sound trial strategy.  Cardenas
v. State, 30 S.W.3d 384, 391 (Tex.
Crim. App. 2000).  Newell did not file a
motion for new trial alleging ineffective assistance of counsel.  As a result, we do not have the benefit of
knowing the trial attorney=s
reasons for not giving an opening statement. 
Therefore, Newell has failed to rebut the presumption that such decision
was based on sound trial strategy.  See
Standerford v. State, 928 S.W.2d 688, 697 (Tex. App.CFort
Worth 1996, no pet.) (holding that the failure to give an opening statement has
been held to be a valid tactical decision). 
Accordingly, we overrule the portion of Newell=s
argument under his first issue asserting ineffective assistance based on his
trial attorney=s failure to make an opening
statement.

4.  Failure
to File Pre-trial Motions








As part of his second issue, Newell argues that
his trial attorney did not provide effective assistance of counsel because,
other than a form motion in limine, he failed to file pre-trial motions and
obtain rulings on substantive issues that figured prominently during
trial.  Moreover, Newell argues that had
pre-trial motions been filed, his trial attorney would have been better
informed as to the consequences of rejecting a plea bargain agreement offered
by the State.  However, Newell has failed
to articulate which meritorious motions his trial attorney could have filed
that would have resulted in a change in the outcome of the case.  See Jackson v. State, 973 S.W.2d 954,
957 (Tex. Crim. App. 1998) (holding that unless appellant shows that a pretrial
motion had merit and that a ruling on the motion would have changed the outcome
of the case, counsel will not be ineffective for failing to assert the
motion).  Therefore, based on the record
before us, Newell cannot show that his trial attorney=s
failure to file pre-trial motions resulted in ineffective assistance of
counsel.  Accordingly, we overrule the
portion of Newell=s argument under his second
issue claiming ineffective assistance due to his trial attorney=s
failure to file pre-trial motions.[2]








5. 
Cumulative Effect of Decisions

Finally, in his fourth issue, Newell asserts that
he was denied effective assistance of counsel as a result of his trial attorney=s
cumulative decisions and lack of action before and during trial.  However, our review of the record shows that
Newell=s trial
attorney (1) successfully argued his motion in limine, (2) elicited testimony
from the State=s witnesses sufficient to
impeach their credibility and cast doubt on the State=s case,
(3) elicited testimony implicating someone other than Newell for the crime, and
(4) competently argued that the State lacked evidence to connect Newell to the
stabbing.  Therefore, based on the record
before us, Newell has failed to establish by a preponderance of the evidence
that his trial attorney=s conduct was not reasonable
under the totality of the circumstances and prevailing professional norms.[3]  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065. 
Accordingly, we overrule Newell=s fourth
issue.








                                             IV.  Conclusion

Having overruled all of Newell=s
dispositive issues, we affirm the trial court=s
judgment.

 

 

BOB
MCCOY

JUSTICE

 

 

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: December 11,
2008











[1]See Tex. R. App. P. 47.4.





[2]As part of his second
issue, in a point heading only, Newell raised ineffective assistance of counsel
based on his trial attorney=s failure to complete a competent
cross-examination of the State=s expert. 
However, Newell failed to set forth any argument or legal authority to
support his position.  Therefore, we
overrule this portion of his argument as inadequately briefed.  See Tex. R. App. P. 38.1(h); Tong
v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied,
532 U.S. 1053 (2001); Mosley v. State, 983 S.W.2d 249, 256 (Tex. Crim.
App. 1998) (op. on reh=g), cert. denied,
526 U.S. 1070 (1999) (holding that if a party provides no argument or legal
authority to support its position, the appellate court may properly overrule
the issue or point as inadequately briefed).

In addition,
as a sub-issue under his second issue, Newell argues ineffective assistance of
counsel due to his trial attorney=s failure to ensure that Newell=s sister remained outside
the courtroom pursuant to invoking Athe rule.@  However,
it is unclear from the record and Newell=s brief how this instance would amount to
ineffective assistance.  Therefore, we
also overrule this sub-issue as inadequately briefed.  See Tex. R. App. P. 38.1(h); Mosley, 983
S.W.2d at 256.





[3]Absent specific
explanations for counsel=s decisions, a record on
direct appeal will rarely contain sufficient information to evaluate an
ineffective‑assistance claim.  See
Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).  Ordinarily, this kind
of record is best developed in a hearing on an application for writ of habeas
corpus or a motion for new trial.  Jackson, 973
S.W.2d at 957.